FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

2015 FEB 27  P 3: 01

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 1:13-CR-402 |
| | ) | |
| SAEED BAJWA | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA

Dr. Khalid Sethi, through his counsel, moves to quash the subpoena for testimony and documents issued by Defendant Saeed Bajwa on February 23, 2015, and received by counsel for Dr. Sethi the following afternoon. Dr. Bajwa's subpoena is an improper attempt to call a witness for the sole purpose of cross-examination, which is not permitted at the sentencing stage. The subpoena calls for non-favorable, cumulative information, and should be quashed, for all the reasons stated below.

## BACKGROUND

Based upon conversations with counsel for the government and counsel for Dr. Bajwa, the following is Dr. Sethi's counsel's understanding of how this subpoena came about. Counsel for Dr. Bajwa asked the government if it intended to call Dr. Sethi as a witness at sentencing. The government said no, that it planned to call the FBI Agent to testify as to the substance of statements memorialized in 302s, to which Dr. Bajwa's counsel was given access. Counsel for Dr. Bajwa expressed to the government that he believed he had a right to cross-examine Dr. Sethi and therefore the government must call him as a witness. The government disagreed, instead planning to follow its usual course of having the agent testify. Counsel for Dr. Bajwa

therefore subpoenaed Dr. Sethi for the purpose of confronting him and attempting to attack his credibility.

## SUMMARY OF ARGUMENT

Dr. Bajwa's counsel informed counsel for Dr. Sethi on February 26, 2015, that he subpoenaed Dr. Sethi because the government intends to rely on statements Dr. Sethi made to it at sentencing, and Dr. Bajwa's counsel believes he is entitled to have Dr. Sethi present. That is incorrect.

It is well-established that there is no Sixth Amendment right to confront witnesses at sentencing. *See, e.g., United States v. Powell*, 650 F.3d 388, 393 (4th Cir. 2011). Dr. Bajwa's right to compulsory process at this stage does not extend to the unfavorable testimony he seeks here. *See, e.g., United States v. Rosen*, 520 F. Supp. 2d 802, 811 (E.D. Va. 2007). The information sought from Dr. Sethi has already been produced to Dr. Bajwa through discovery with the government. Indeed, on February 26, 2015, counsel for the government represented to counsel for Dr. Sethi that there was extensive discovery in this case, and Dr. Bajwa has already had access to all of the information he purports to seek from Dr. Sethi – including all statements to the government. For these and all the reasons stated below, the subpoena should be quashed.

## ARGUMENT

**I.    This Court should quash the subpoena compelling Dr. Sethi to testify because Dr. Bajwa has no right to confront Dr. Sethi at sentencing.**

Dr. Bajwa has no right to require Dr. Sethi to testify at sentencing to, in effect, cross-examine him about his statements to law enforcement and attempt to impeach his credibility. It is well-established that the Sixth Amendment right to confrontation does not apply at sentencing. *United States v. Umana*, 750 F.3d 320, 346 (4th Cir. 2014); *United States v. Powell*, 650 F.3d 388, 393 (4th Cir. 2011).

2

Nor does due process require that a defendant be able to confront individuals whose statements are used during sentencing – even when those statements lead to a sentencing enhancement. A clear example of this is the fact that there is no right to confront individuals whose statements are used during the sentencing phase of a *capital* case. *See, e.g., Umana*, 750 F. 3d at 346. Due process only provides a defendant at sentencing the "right not to be sentenced on the basis of misinformation of a constitutional magnitude." *United States v. Bowman*, 926 F.2d 380, 382 (4th Cir. 1991) (internal quotation marks omitted). "This right is protected by the requirement that the defendant be given adequate notice of and an opportunity to rebut or explain information that is used against him." *Id.* As such, the Fourth Circuit has held that defendants' due process rights were satisfied where defendants had notice of what information would be used at sentencing and "an opportunity to rebut the [] information in stating their position with respect to the sentencing factors and at the sentencing hearing." *United States v. Robinson*, 972 F.2d 343 (Table), at *4 (4th Cir. 1992). Due process does not require confrontation.

Nor does it require first-hand information. It is well-established that "uncorroborated hearsay" is admissible at sentencing. *Powell*, 650 F.3d at 392. Evidence presented at sentencing must only bear "some minimal indicia of reliability" to satisfy due process. *United States v. Rashid*, 538 F. App'x 305, 306 (4th Cir. 2013); *see also United States v. Hicks*, 948 F.2d 877, 883 (4th Cir.1991).[1] It would seem beyond question that the testimony of an FBI Agent regarding statements made to him would bear the requisite "indicia of reliability." But, of

---

[1] The Fourth Circuit has even stated that the "mere fact that information originated from an individual who may have had a motive to lie or embellish the truth does not automatically render that information uniquely suspect or otherwise incompetent for sentencing purposes." *Rashid*, 538 F. App'x at 306.

course, it will be for the Court at sentencing to determine if the government's evidence supporting any enhancements it seeks bears the required indicia of reliability.[2]

Due process does not require that Dr. Bajwa be able to confront Dr. Sethi at sentencing. Dr. Bajwa has no right to compel Dr. Sethi to testify so that he can cross-examine him and attempt to question his credibility. As such, the subpoena should be quashed.

**II.     This Court should quash the subpoena compelling Dr. Sethi to testify because Dr. Sethi's testimony would be neither favorable nor material.**

Though the Sixth Amendment provides a criminal defendant with the right "to have compulsory process for obtaining witnesses in his favor," U.S. Const. amend. VI, this right is not absolute. *United States v. Rosen*, 520 F. Supp. 2d 802, 811 (E.D. Va. 2007). A defendant cannot use compulsory process to " 'secure the attendance and testimony of any and all witnesses,' but must first 'at least make some plausible showing of how their testimony would have been both *material* and *favorable* to his defense.' " *Rosen*, 520 F. Supp. 2d at 811 (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)) (emphasis added); *see also United States v. Moussaoui*, 382 F.3d 453, 471 (4th Cir. 2004) ("[A] defendant must demonstrate that the witness he desires to have produced would testify 'in his favor.' " (quoting U.S. Const. amend. VI)); *see also United States v. Lindh*, 210 F. Supp. 2d 780, 782 (E.D. Va. 2002). Testimony is material in this context "if its exclusion might prejudice the outcome of the defendant's case." *Rosen*, 520 F. Supp. 2d at 811; *see Valenzuela-Bernal*, 458 U.S. at 867-69.

Dr. Bajwa has not shown that Dr. Sethi's testimony would be both favorable and material to his defense at sentencing – nor can he. Dr. Bajwa knows that Dr. Sethi's testimony would not be favorable to him, as he has been informed by the government regarding the content of the FBI

---

[2]      The Fourth Circuit has upheld a district court's reliance at sentencing on testimony from a "law enforcement officer who was extensively involved in investigating [the defendant] and his coconspirators." *Rashid*, 538 F. App'x at 306-07.

302s and has had access to them in discovery. On this basis alone the Court should quash the subpoena for failing to meet the most basic standard – the one explicitly stated in the Sixth Amendment – of seeking favorable testimony. *See United States v. Passaro*, 577 F.3d 207, 221 (4th Cir. 2009) (finding that district court did not abuse its discretion in quashing witness subpoenas when defendant failed to show that testimony would have aided his defense).

In addition, any evidence from Dr. Sethi could not be material as it would be purely cumulative. The testimony Dr. Bajwa seeks from Dr. Sethi about his statements to law enforcement are cumulative of testimony the government will put on regarding such statements. For this additional reason, the subpoena should be quashed. *See United States v. Espinoza*, 641 F.2d 153, 159 (4th Cir. 1981) (holding that district court did not abuse its discretion by failing to grant defendant's request to subpoena witnesses whose testimony would merely be cumulative); *United States v. Fletcher*, 237 F. App'x 805, 806 (4th Cir. 2007) (finding no abuse of discretion where district court refused to compel co-defendants to testify when government stipulated to fact that would be subject of compelled testimony); *see also Rosen*, 520 F. Supp. 2d at 812 (noting that it may be appropriate to quash a subpoena on cumulativeness grounds when it is clear that the expected testimony would be the same as testimony already offered).

Further, to the extent Dr. Bajwa seeks to ask Dr. Sethi about *Dr. Sethi's* purported conduct, such information is simply irrelevant to Dr. Bajwa's sentencing. Dr. Bajwa pleaded guilty to making false statements to law enforcement – actions which involved no one beside himself. Dr. Bajwa should not be allowed to compel any such testimony from Dr. Sethi. *United States v. Martin*, No. 4:09-MJ-01136, 2010 WL 1994859, at *1 (E.D.N.C. May 18, 2010) (quashing witness subpoena because testimony would not be relevant). [3]

---

[3]     Moreover, although courts should not assume that a potential witness will invoke the Fifth Amendment, *Moussaoui*, 382 F.3d at 472, the Fourth Circuit upheld a district court's

5

Finally, a witness subpoena cannot be used to harass or embarrass. *See Lindh*, 210 F. Supp. 2d at 782; *see also In re Subpoena Duces Tecum*, 228 F.3d 341, 349 (4th Cir. 2000) (noting that the government cannot issue subpoenas out of malice or an intent to harass). Dr. Sethi is not on trial, and this Court should not allow Dr. Bajwa to publicly harass Dr. Sethi.

### III.   This Court should quash the subpoena *duces tecum* compelling Dr. Sethi to produce documents, electronically stored information, and objects.

The government has represented to counsel for Dr. Sethi that the documents Dr. Bajwa requested in the subpoena issued to Dr. Sethi have already been turned over and/or made available to Dr. Bajwa through discovery. For example, Dr. Bajwa's counsel had full access to the FBI 302s generated during the course of the investigation and prosecution of Dr. Bajwa. Simply put, all of the documents requested are merely duplicative of information Dr. Bajwa has already received from the government. This subpoena should thus be quashed in its entirety.

### CONCLUSION

This subpoena is a thinly-veiled attempt to cross-examine Dr. Sethi – a right Dr. Bajwa does not have. A defendant's right to compulsory process only extends to witness testimony that is both favorable and material, and a subpoena should never be issued for the purposes of harassment. Dr. Bajwa cannot demonstrate that testimony from Dr. Sethi would meet this standard, and he has no right to confront Dr. Sethi and try to attack his credibility by forcing him to testify at sentencing. Further, Dr. Bajwa's subpoena *duces tecum* requires Dr. Sethi to provide information that Dr. Bajwa already has, is cumulative, irrelevant, and merely provides another

---

refusal to issue subpoenas for co-defendants' testimony when counsel had not received assurances that the co-defendants would not invoke the Fifth Amendment. *Fletcher*, 237 F. App'x at 807-08. Without those assurances, the defendant had "failed to establish that his co-defendants would give testimony 'both material and favorable to his defense.' " *Id.* (quoting *Valenzuela-Bernal*, 458 U.S. at 867).

way for Dr. Bajwa to attempt to publically harass and embarrass Dr. Sethi. For all these reasons,

we respectfully request that the Court should quash the subpoena in its entirety.

Respectfully submitted,

February 27, 2015

Thomas Trucksess
Virginia Bar No. 77412
Hogan Lovells US LLP
7930 Jones Branch Drive
McLean, VA  22102
Tel. (703) 610-6181
Fax. (703) 610-6200
Thomas.trucksess@hoganlovells.com

Of Counsel

Michele Sartori*
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004
Tel. (202) 637-6443
Fax. (202) 637-5910
Michele.sartori@hoganlovells.com

*Pro hac vice motion to be submitted.

Attorneys for Khalid Sethi

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2015, I filed the foregoing document with the Clerk

of the Court and served a copy of the foregoing by First Class U.S. Mail and electronic mail to:

Allison Ickovic
Counsel to United States of America
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA  22314
allison.b.ickovic@usdoj.gov

David Deitch
Counsel to Defendant Saeed Bajwa
1717 Pennsylvania Ave., N.W., Ste. 650
Washington, D.C.  20006
ddeitch@ifrahlaw.com


Thomas Trucksess
Virginia Bar No. 77412
Hogan Lovells US LLP
7930 Jones Branch Drive
McLean, VA  22102
Tel. (703) 610-6181
Fax. (703) 610-6200
Thomas.trucksess@hoganlovells.com